Eve H. Cervantez (SBN 164709)
Eileen B. Goldsmith (SBN 218029)
Rachel J. Zwillinger (SBN 268684)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
Email: ecervantez@altber.com

Matthew J. Matern (SBN 159798)
RASTEGAR & MATERN,
ATTORNEYS AT LAW APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Tel. (310) 218-5500
Fax (310) 218-1155
Email: mjm@rastegar-matern.com

Attorneys for Plaintiffs

John S. Battenfeld (SBN 119513)
Jason S. Mills (SBN 225126)
Hien Nguyen (SBN 2297954)
Kathy H. Gao (SBN 259019)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel. (213) 612-2500
Fax (213) 612-2501
Email: jbattenfeld@morganlewis.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE TOKOSHIMA, LUIS FLORES, and JAMES FABER, on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>THE PEP BOYS - MANNY MOE & JACK OF CALIFORNIA, a California corporation; THE PEP BOYS - MANNY MOE & JACK, a Pennsylvania corporation; and DOES 1-10,<br><br>     Defendants. | CASE NO.: C 12-4810 CRB<br><br>**STIPULATION AND ORDER REGARDING MEDIATION AND CLASS CERTIFICATION SCHEDULING** |

1. WHEREAS plaintiffs originally filed this action in Alameda County Superior Court on August 6, 2012, and defendants then timely removed this action to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act;

WHEREAS the parties were unable to commence discovery in this action until after their initial Rule 26(f) conference in December 2012;

WHEREAS at the time of the initial case management conference, the parties had agreed to pursue private mediation, but had not yet agreed to the timing of the mediation.  In particular, the parties informed the Court in their Joint Case Management Conference Statement filed on January 11, 2013, that "depending on initial discovery, the parties will assess whether mediation should occur before or after any certification motion is decided." Dkt. No. 11 at 11;

WHEREAS at the initial case management conference in this action on January 18, 2013, this Court scheduled the hearing on class certification in this action to be held on September 20, 2013.  Dkt. No. 14;

WHEREAS based on the September 20, 2013 hearing date, the parties met and conferred, and agreed to a briefing schedule on plaintiffs' motion for class certification, pursuant to which plaintiffs' motion would be filed no later than July 10, 2013, defendants' opposition would be filed no later than August 16, 2013, and plaintiffs' reply would be filed no later than September 6, 2013;

WHEREAS the parties have been diligently engaged in promulgating and responding to written discovery since January 18, 2013 and have met and conferred to address various discovery issues;

WHEREAS the parties have now agreed to mediate this case before the filing of plaintiffs' motion for class certification, in order to attempt to resolve this case while avoiding unnecessary expense and burdens on the parties of discovery and briefing related to class certification issues;

WHEREAS the parties have met and conferred and agreed upon a mediator, Mark Rudy of the San Francisco firm of Rudy, Exelrod, Zieff & Lowe LLP, and have scheduled the mediation for July 24, 2013;

WHEREAS the date for mediation has been selected in order to permit the parties sufficient time to conduct necessary formal and informal discovery to prepare for the mediation and to have

1 sufficient information about the strengths and weaknesses of the claims and defenses and the extent
2 of defendants' potential exposure, and the parties are meeting and conferring regarding the scope
3 of that formal and informal discovery;

4     WHEREAS, this discovery will include 30(b)(6) depositions of corporate witnesses located
5 at defendants' headquarters in Philadelphia, Pennsylvania, which will require the coordination of
6 travel schedules for counsel for the parties;

7     WHEREAS, plaintiffs have informed defendants that they are willing to defer production of
8 certain discovery necessary for filing plaintiffs' motion for class certification, and discovery-
9 related motion practice, because that discovery is not necessary for plaintiffs to evaluate the case
10 sufficiently to attempt to resolve the case through mediation but this discovery will need to be
11 conducted if the mediation does not result in a settlement;

12     WHEREAS the current schedule for class certification, pursuant to which plaintiffs' motion
13 would be filed on July 10, 2013, would require the parties to invest substantial time and resources
14 in formal discovery and class certification briefing before the scheduled July 24 mediation.  In
15 particular, the current schedule for class certification would require plaintiffs to have completed all
16 of their formal class certification-related discovery and filed their class certification motion, and
17 defendants to have completed almost all of their class certification-related discovery and briefing,
18 before the July 24 mediation, thereby frustrating the parties' purposes in agreeing to conduct an
19 early, pre-class certification mediation after limited formal discovery and before the completion of
20 discovery and the briefing of certification issues in this case;

21     WHEREAS avoiding unnecessary litigation regarding class certification would be
22 advantageous to the parties and to this Court, by conserving the Court's and the parties' resources;

23     WHEREAS, it would conserve the parties' resources to continue the class certification
24 hearing date so that the parties can participate in mediation on July 24, 2013 without having had to
25 complete all discovery necessary for class certification, with sufficient time after the mediation to
26 complete discovery (and any discovery-related motion practice) and move for class certification if
27 mediation is unsuccessful;

28     THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES AS FOLLOWS:

1  The parties jointly request that the class certification hearing set for September 20, 2013, be
2  vacated, and that a new hearing date be set for January 24, 2014 with a briefing schedule similar to
3  the schedule previously agreed to by the parties.

4
5  DATED: March 22, 2013                 /s/ *Eve H. Cervantez*
                                         Eve H. Cervantez
6                                        ALTSHULER BERZON LLP
                                         Attorneys for Plaintiffs
7                                        STEVE TOKOSHIMA, LUIS FLORES, and
                                         JAMES FABER
8
9
10 DATED: March 22, 2013                 /s/ *John S. Battenfeld*
                                         John S. Battenfeld
11                                       MORGAN, LEWIS & BOCKIUS LLP
12                                       Attorneys for Defendants
                                         THE PEP BOYS MANNY MOE & JACK OF
13                                       CALIFORNIA and THE PEP BOYS – MANNY,
                                         MOE & JACK
14

15       PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO
16 ORDERED. Plaintiffs' motion for class certification shall be heard on January 24, 2014 at 10:00
17 a.m.

18 Dated: March 25, 2013

                                         HON. CHARLES R. BREYER
20                                       United States District Judge

IT IS SO ORDERED
Judge Charles R. Breyer