1  Eve H. Cervantez (SBN 164709)
   Eileen B. Goldsmith (SBN 218029)
2  Rachel J. Zwillinger (SBN 268684)
   ALTSHULER BERZON LLP
3  177 Post Street, Suite 300
   San Francisco, CA 94108
4  Tel. (415) 421-7151
   Fax (415) 362-8064
5  Email: ecervantez@altber.com

6  Matthew J. Matern (SBN 159798)
   Dalia Khalili (SBN 253840)
7  RASTEGAR & MATERN,
   ATTORNEYS AT LAW APC
8  1010 Crenshaw Boulevard, Suite 100
   Torrance, CA 90501
9  Tel. (310) 218-5500
   Fax (310) 218-1155
10 Email: mjm@rastegar-matern.com

11 Attorneys for Plaintiffs

12              **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13             **SAN FRANCISCO/OAKLAND DIVISION**

14 STEVE TOKOSHIMA, LUIS FLORES, and        CASE NO.:  CV 12-4810 CRB
   JAMES FABER, on Behalf of Themselves and All
15 Others Similarly Situated,                **CLASS ACTION AND**
                                             **REPRESENTATIVE ACTION UNDER**
16         Plaintiffs,                       **THE LABOR CODE PRIVATE**
                                             **ATTORNEYS GENERAL ACT**
17    vs.
                                             **SECOND AMENDED COMPLAINT**
18 THE PEP BOYS - MANNY MOE & JACK OF
   CALIFORNIA, a California corporation; THE PEP   1. Failure to Pay Minimum Wage (Labor
19 BOYS - MANNY MOE & JACK, a Pennsylvania    Code §§1182.12, 1197);
   corporation; and DOES 1-10,               2. Failure to Pay Overtime Wages (Labor
20                                            Code §510);
          Defendants.                        3. Failure to Provide Accurate Itemized Wage
21                                            Statements (Labor Code §226);
                                             4. Failure to Provide Properly Calculated
22                                            Premiums for Missed Meal Breaks (Labor
                                             Code §226.7);
23                                            5. Failure to Provide All Wages when Due
                                             (Labor Code §§201, 202, 204);
24                                            6. Failure to Indemnify for Business
                                             Expenditures (Labor Code §2802);
25                                            7. Unfair & Unlawful Business Practices (Bus.
                                             & Prof. Code §17200);
26                                            8. Penalties under the Labor Code Private
                                             Attorneys General Act (Labor Code §§2698-
27                                            99, as a representative action);
                                             9. Failure to Pay Employees for Rest Breaks
28                                            (IWC Wage Order No. 4, §12(A)).

**INTRODUCTION**

1.      This is a class action against Defendants Pep Boys – Manny Moe and Jack of California and Pep Boys – Manny Moe and Jack ("Defendants") pursuant to the California Labor Code and Business & Professions Code.

2.      Under California law, an employer must pay its nonexempt employees no less than the California minimum wage of $8.00 per hour for each hour worked.  During the Class Period, Defendants have had a policy of paying employees in numerous classifications, including but not limited to mechanics, express service technicians ("ESTs"), express service and sales technicians ("ESSTs"), installers, customer service advisors, and commercial sales managers, on a piece rate or commission basis that does not include compensation of at least $8.00 per hour for hours during which the employee is not earning a piece rate or commission ("nonproductive hours").  This policy has resulted in the underpayment of minimum wages to employees for all hours worked.

3.      This action challenges Defendants' policy as a violation of the minimum wage and overtime compensation requirements of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Order No. 4.  This action further alleges that Defendants failed to provide accurate itemized wage statements in violation of Labor Code §226; violated Labor Code §226.7 by miscalculating the amount of premium pay owed for concededly missed meal periods; and failed to pay class members all wages when due in violation of Labor Code §§201, 202, and 204.  Furthermore, Defendants failed to indemnify their employees for hand tools and equipment necessarily used on the job, in violation of Labor Code §2802 and Wage Order No. 4.  Moreover, this conduct by Defendants constitutes unlawful and unfair business practices within the meaning of Business & Professions Code §17200 et seq.

4.      Through their class-wide claims, Plaintiffs seek back pay and liquidated damages for undercompensated work; reimbursement for tools and equipment; other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendants from their unlawful and unfair business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; penalties; interest; and reasonable attorneys' fees and costs.  Plaintiffs also seek all civil penalties available pursuant to the Labor Code Private Attorneys General Act, Labor Code

1    §§2698-99, as a representative action on behalf of themselves and other current and former

2    employees.

3                                                    **PARTIES**

4          5.     Plaintiff STEVE TOKOSHIMA worked for Defendants as a mechanic in

5    Defendants' Union City, California location from 1998 through August 8, 2011.  Mr. Tokoshima is

6    a resident of Alameda County.

7          6.     Plaintiff JAMES FABER worked for Defendants as an EST in Defendants'

8    Escondido, California location from approximately 2009 until 2011.  Mr. Faber is a resident of San

9    Diego County.

10         7.     Plaintiff LUIS FLORES worked for Defendants as a commercial sales manager in

11   Defendants' Fontana, California location from September 2010 through September 2011.  Mr.

12   Flores is a resident of San Bernardino County.

13         8.     Defendant PEP BOYS – MANNY MOE AND JACK OF CALIFORNIA

14   (hereinafter "Pep Boys of California") is a corporation organized and existing under the laws of the

15   State of California, with stores and offices throughout California, including in Alameda County.

16   Pep Boys of California is an employer whose employees are employed throughout this County and

17   the State of California.

18         9.     Defendant PEP BOYS – MANNY MOE AND JACK (hereinafter "Pep Boys") is a

19   corporation organized and existing under the laws of the State of Pennsylvania, doing business

20   throughout the United States, including in California and in Alameda County.  Pep Boys has its

21   corporate headquarters in Pennsylvania.  Pep Boys is an employer whose employees are employed

22   throughout this County and the State of California.

23         10.    Upon information and belief, Defendant Pep Boys of California is a wholly owned

24   subsidiary of Defendant Pep Boys.

25         11.    The true names and capacities of Defendants DOES 1-10 are presently unknown to

26   Plaintiffs.  Plaintiffs will amend this complaint, setting forth the true names and capacities of these

27   fictitious Defendants when they are ascertained.  Plaintiffs are informed and believe that each of

28   the fictitious Defendants participated in the acts alleged in this complaint.

12.     Plaintiffs are informed and believe that at all relevant times, each Defendant was the agent or employee or the other, and in participating in the acts alleged in this complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

## FACTUAL ALLEGATIONS

13.     Pep Boys has approximately 700 stores in the United States, including California. The Pep Boys stores feature an extensive assortment of automotive parts, accessories, tires and batteries for sale, as well as offering automotive repair and maintenance services.  Pep Boys and Pep Boys of California operate 130 stores in California.

14.     ESTs, sometimes referred to as installers, perform simple, routine tasks such as oil changes, battery changes and tire changes.  ESSTs perform the same service tasks as ESTs, as well as performing some retail sales functions.  ESSTs are also referred to as customer service advisors.

15.     Mechanics perform more complex automotive service tasks than ESTs or ESSTs. These tasks, such as brake repair, require greater expertise.

16.     Commercial sales managers make sales to commercial customers.

17.     Under Defendants' policies, ESTs and ESSTs are paid on a hybrid hourly rate plus piece rate system.  Each EST or ESST has a piece rate, called the "flat" or "booked" rate, that applies to time spent performing specific service tasks, e.g., an oil change.  The piece rate system presumes that specific tasks will be completed in a specified number of hours ("piece rate hours"). For example, if an oil change is assigned to be completed in one piece rate hour, and an employee's piece rate is $7.00 per "hour," the EST or ESST will be paid $7.00 for completing an oil change regardless of how long that task actually takes to complete.  Each EST or ESST also has a "regular," or "hourly" rate of pay, which applies to all hours worked ("clock hours").  Under Defendants' EST/ESST compensation policy in effect since at least August 2009, the "hourly" rate for many ESTs and ESSTs is less than $8.00 per hour.

18.     Under Defendants' policies, mechanics are paid on a piece rate system.  The piece rate system presumes that specific tasks will be completed in a specified number of hours ("piece rate hours").  For example, if a brake repair is assigned to be completed in three piece rate hours, and a mechanic's piece rate is $15 per "hour," the mechanic will be paid $45 for completing a

brake repair, no matter how long it actually takes the mechanic to complete the brake repair.  In weeks in which a mechanic's piece rate pay divided by his actual hours worked ("clock hours") is less than $8.00 per clock hours worked, the mechanic is paid a "mechanic supplement" so that his weekly gross pay equals $8.00 per hour times the number of clock hours worked that week. Mechanics do not have any "base rate;" their payment is based solely on the jobs they complete. When a mechanic performs fewer than 20 piece rate hours of work in a week, his pay for that week is calculated as 20 piece rate hours, regardless of the number of clock hours the mechanic actually worked during the week.  When a mechanic performs 20 piece rate hours of work or more during a week, his pay for that week is calculated as only his piece rate hours regardless of the number of clock hours the mechanic actually worked.

19.     Full-time mechanics, ESTs and ESSTs, are required to be present at work, and clocked in, for at least 38 hours per week.  However, mechanics, ESTs and ESSTs do not spend all of their clock hours performing services for which they are entitled to compensation under the piece rate system.  Instead, mechanics, ESTs and ESSTs spend many clock hours each week performing such tasks as tidying the shop, stocking shelves, assisting in Defendants' retail stores, or simply waiting for automotive service customers to arrive.  During these "nonproductive" hours, mechanics, ESTs and ESSTs are required by Defendants to be present at work to wait for customers, and/or to perform the aforementioned tasks.  They do not receive the full California minimum wage of $8.00 per hour for these "nonproductive" hours.

20.     Mechanics, ESTs, and ESSTs supply their own hand tools and other equipment in order to properly perform their job of servicing and repairing vehicles.  Pep Boys does not reimburse them for the cost of these necessary hand tools and equipment.

21.     Mechanics, who are paid exclusively on a piece rate system, did not receive additional compensation for their rest breaks, even though Defendants' piece rate pay plans that apply to mechanics did not compensate them for their rest break time.  Similarly, ESTs, ESSTs, and commercial sales managers received compensation for their rest break time at a rate below the California minimum wage of $8.00 per hour.

22.     Under Defendants' policies, commercial sales managers are treated as hourly employees who are not exempt from overtime requirements.  However, commercial sales managers are paid at a base rate under $8.00 per hour, plus a commission of 5% on their sales to commercial customers.  Commercial sales managers are required to be at work at least 38 hours per week. However, they do not spend all of this time performing productive sales or sales-related work for which commissions may be paid.  During hours in which they are not performing commission-generating work, commercial sales managers are required to assist in Defendants' retail stores ("nonproductive" hours).  They do not receive the full California minimum wage of $8.00 per hour for these "nonproductive" hours.

## CLASS AND REPRESENTATIVE ACTION ALLEGATIONS

23.     <u>Proposed Classes and Subclasses, and Nature of The Class and Subclass Claims</u>. Plaintiffs, as Class Representatives, bring this action on their own behalf and on behalf of two classes: (1) The "Wage Class," represented by Plaintiffs Tokoshima, Faber, and Flores, and comprised of non-exempt employees at Defendants' facilities in the State of California whose base hourly rate of pay for clock hours was less than $8.00 per hour, including Mechanics, Technicians, Master Technicians, EP Technicians, Technician As, Technician Bs, Smog Technicians, ESTs, ESSTs, Installers, Service Advisors, and Commercial Sales Managers, during the period from four years prior to the filing of the Complaint through the present; and (2) the "Tools Class," represented by Plaintiffs Tokoshima and Faber, and comprised of non-exempt employees at Defendants' facilities in the State of California who conducted service or repair work on cars, including Mechanics, Technicians, Master Technicians, EP Technicians, Technician As, Technician Bs, Smog Technicians, ESTs, ESSTs, Installers, and Service Advisors during the period from four years prior to the filing of the Complaint through the present.

24.     Plaintiffs and others who are similarly situated also plead subclasses to the Wage Class as follows:

(a)     The "Mechanic Subclass" includes all non-exempt Mechanics, Technicians, Master Technicians, EP Technicians, Technician As, Technician Bs, and Smog Technicians employed at Defendants' facilities in the State of California who did not receive any base hourly pay for clock

1    hours during the period from four years prior to the filing of the Complaint through the present.

2    Plaintiff Steve Tokoshima is the class representative for this subclass.

3         (b)    The "EST Subclass" includes all non-exempt ESTs, ESSTs, Installers, and Service

4    Advisors employed at Defendants' facilities in the State of California whose base hourly rate of

5    pay for clock hours was less than $8.00 per hour during the period from four years prior to the

6    filing of the Complaint through the present.  Plaintiff James Faber is the class representative for

7    this subclass.

8         (c)    The "Commercial Sales Manager Subclass" includes all non-exempt Commercial

9    Sales Managers employed at Defendants' facilities in the State of California whose base hourly rate

10   of pay for clock hours was less than $8.00 per hour during the period from four years prior to the

11   filing of the Complaint through the present.  Plaintiff Luis Flores is the class representative for this

12   subclass.

13        25.    A class action is appropriate here pursuant to Fed. R. Civ. P. 23, because there exist

14   ascertainable and sufficiently numerous classes, well-defined communities of interest, and

15   substantial benefits from certification that render proceeding on a class-wide basis superior to the

16   alternatives.

17        26.    Numerosity and Ascertainability.  The size of the classes and subclasses makes a

18   class action both necessary and efficient.  Plaintiffs are informed and believe that the Wage and

19   Tools Classes each consists of more than 1000 current and former employees.  Plaintiffs are also

20   informed and believe that the Mechanic, EST, and Commercial Sales Manager Subclasses each

21   consist of more than 40 current and former employees.  Members of the classes and subclasses are

22   ascertainable through Pep Boys' records but are so numerous that joinder is impracticable.

23        27.    Predominant Common Questions of Law And Fact.  Common questions of law and

24   fact affecting the rights of all class and subclass members predominate in this action over

25   individualized issues.  Common questions applicable to the Wage Class and all subclasses, include,

26   but are not limited to:

27        (a)    Whether Defendants' policy of compensating Wage Class members for their

28   nonproductive hours at less than the California minimum wage rate of $8.00 per hour violates

California's minimum wage requirement, as set forth in Labor Code §§1182.12, 1194, and 1197 and IWC Wage Order No. 4, §4;

(b)     Whether Defendants' method of calculating Wage Class members' overtime compensation violates California law;

(c)     Whether Defendants failed to provide accurate itemized wage statements to Wage Class members and maintain adequate records as required by Labor Code §226;

(d)     Whether Defendants failed to pay Wage Class members their full wages when due as required by Labor Code §§201, 202, and 204;

(e)     Whether Defendants' policy of compensating Wage Class members for missed meal breaks at a rate that was less than their properly calculated regular rate violates Labor Code §226.7;

(f)     Whether Defendants' conduct violated Business & Professions Code § 17200 et seq. as alleged in this complaint;

(g)     Whether Defendants failed to properly compensate Wage Class members for their rest breaks, as required by IWC Wage Order No. 4, §12(A); and

(h)     What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

28.     Members of the Tools Class share the additional common question of whether Defendants violated Labor Code §2802 by their policy of failing to reimburse Tools Class members for the cost of those hand tools and equipment that are necessary for the performance of their jobs, and whether Pep Boys' policy of providing a uniform, limited set of tools at each shop made it necessary for Tools Class members to supply their own tools to perform their job duties.

29.     Typicality.  The claims of the Plaintiffs are typical of the claims of the classes. Each of the Plaintiffs has been employed by Defendants during the relevant limitations period and worked as a non-exempt employee in a job classification in which Defendants did not compensate employees at a rate equal to or exceeding the California minimum wage for their nonproductive hours.  Each of the Plaintiffs was underpaid because of Defendants' unlawful employment policies and practices.  Plaintiffs Tokoshima and Faber had to purchase tools necessary for the performance

1  of their jobs, and Defendants failed to indemnify Plaintiffs for these necessary expenses.  Each

2  named Plaintiff's claims are typical of the classes and subclass represented by that Plaintiff.

3          30.     Adequacy of Class Representation.  The Class Representatives can adequately and

4  fairly represent the interests of the classes and subclasses as defined above, because their individual

5  interests are consistent with, and not antagonistic to, the interests of the classes and subclasses, and

6  because they have retained counsel who possess the requisite resources and ability to prosecute this

7  case as a class action and are experienced labor and employment attorneys who have successfully

8  litigated other class action cases involving similar issues.

9          31.     Superiority of Class Action Mechanism.  Class certification is appropriate because

10  common questions of law and fact predominate over any questions affecting only individual

11  members of the classes and subclasses.  Defendants' liability in this action is based on uniform

12  company policies.  The amount of damages owed to each individual class member is small in

13  relation to the expense and burden of individual litigation to recover those damages.  Further, the

14  prosecution of separate actions against Defendants by individual class members would create a risk

15  of inconsistent or varying adjudications which would establish incompatible standards of conduct

16  for Defendants.  For all these and other reasons, a class action is superior to other available

17  methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

18                                **FIRST CAUSE OF ACTION**

19                (Nonpayment of Minimum Wages, Labor Codes §§1182.12, 1197, and

20                                  IWC Wage Order No. 4)

21        (By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all

22                                      Defendants)

23          32.     Plaintiffs reallege and incorporate by reference each and every allegation contained

24  in paragraphs 1-31, as though fully set forth herein.

25          33.     Under California law, the minimum wage for all workers, with exceptions not

26  relevant here, is $8.00 per hour for all hours worked.

27          34.     Class members employed by Defendants in California are not exempt from the

28  minimum wage requirements of California law.

35.    California law does not permit an employer to establish compliance with the minimum wage by "averaging" the rates earned by an employee during productive and nonproductive hours.  Rather, California law requires an employer to compensate its nonexempt employees at no less than the minimum wage for each hour that the employer suffers or permits the employee to work.

36.    By employing Plaintiffs and Wage Class members for nonproductive hours for which they were compensated at a pay rate that is less than the California minimum wage of $8.00 per hour, Defendants have violated the California minimum wage law.

37.    Defendants have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage Class members, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' and Wage Class members' rights.

38.    Pursuant to Labor Code §§1194 and 1194.2, Plaintiffs and Wage Class members are entitled to recover their unpaid minimum wages owed, plus liquidated damages in an equal amount thereto, plus interest thereon and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

(Nonpayment of Overtime Compensation, Labor Code §510 and IWC Wage Order No. 4)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all Defendants)

39.    Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-38, as though fully set forth herein.

40.    Nonexempt employees who are compensated, in whole or in part, on a piece rate or commission basis are entitled to the payment of overtime premiums based on a "regular rate" of pay that is based on the employee's compensation for all hours worked by the employee during the week.

41.    By failing to properly pay Plaintiffs and Wage Class members for each hour worked, Defendants have miscalculated Plaintiffs' and Wage Class members' regular rates of pay. By failing to properly calculate overtime premiums as one-half of the regular rate of pay for all

hours worked in the week multiplied by the overtime hours worked in that week, Defendants have undercompensated Plaintiffs and Wage Class members for their overtime hours worked in violation of Labor Code §510 and IWC Wage Order No. 4, §3.

42.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage Class members, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' and Wage Class members' rights.

43.     Pursuant to Labor Code §§510 and 1194, Plaintiffs and Wage Class members are entitled to recover their unpaid overtime compensation owed, including interest thereon, reasonable attorneys' fees, and costs of suit.

44.     Defendants are required to pay civil penalties pursuant to Labor Code §558.

### THIRD CAUSE OF ACTION

(Failure to Provide Accurate Itemized Wage Statements, Labor Code §226)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all Defendants)

45.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-44, as though fully set forth herein.

46.     Pursuant to Labor Code §226, employers, including Defendants, must provide their employees an accurate itemized wage statement in writing with each paycheck, showing *inter alia* all applicable pay rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

47.     By failing to itemize the number of hours Plaintiffs and members of the Wage Class performed work at their "base rate" of pay (for nonproductive hours), in contrast to the number of hours for which Plaintiffs earned pay for performing "piece rate" or "commission" work, Defendants knowingly and intentionally failed to provide Plaintiffs and members of the Wage Class with accurate itemized wage statements in writing with each paycheck, showing all applicable pay rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.     Plaintiffs and class members have suffered injury as a result of Defendants' failure to provide accurate itemized wage statements in writing, because:

(a)     Employees have been confused regarding the correct amount of wages owed to them;

(b)     Employees have been forced to perform calculations to try to determine the correct amount of wages owed to them;

(c)     Employees have been forced to rely upon their memories to determine the number of nonproductive hours worked each week, for which they were not paid the full minimum wage, because their employer failed to keep the required records of hours worked at different rates;

(d)     Employees have been compelled to engage in discovery to obtain the policies that explain how Defendants have calculated their wages; and

(e)     Employees were prevented from learning that their employer was paying them less than the California minimum wage.

49.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage Class members, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' and Wage Class members' rights.

50.     Plaintiffs and the Wage Class are therefore entitled to all actual and statutory damages and penalties available for these violations under Labor Code §226(e).

51.     Defendants are required to pay all civil penalties for a violation of Labor Code §226(a), as set forth in Labor Code §226.3.

**FOURTH CAUSE OF ACTION**

(Failure to Compensate for Missed Meal Periods, Labor Code §226.7)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all Defendants)

52.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-51, as though fully set forth herein.

53.     Labor Code §226.7(b) provides, "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

54.     Defendants have failed to pay Plaintiffs and Wage Class members the correct regular rates of pay for concededly missed meal breaks in violation of Labor Code §226.7 by failing to properly calculate employees' regular rates of pay as alleged herein and by failing to compensate Wage Class members for concededly missed meal breaks with a premium of no less than $8.00 per hour.

55.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage Class members, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' and Wage Class members' rights.

56.     Pursuant to Labor Code §226.7, Plaintiffs and Wage Class members are entitled to recover one additional hour of pay at the employee's properly calculated regular rate of compensation for each work day that a meal or rest period was not provided, and interest thereon.

### FIFTH CAUSE OF ACTION

(Failure to Pay All Wages when Due, Labor Code §§201, 202, and 204)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all Defendants)

57.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-56, as though fully set forth herein.

58.     By failing to properly pay minimum wages, overtime compensation, and missed break premium wages to Plaintiffs and the Wage Class as alleged herein, Defendants have failed to make timely payment of the full wages due to their employees who quit or have been discharged, and have therefore violated Labor Code §§201 and 202.

59.     By failing to properly pay minimum wages, overtime compensation, and missed break premium wages to Plaintiffs and the Wage Class as alleged herein, Defendants have also

1  violated Labor Code §204, which requires employers, including Defendants, to pay their

2  employees their full wages when due.

3      60.    Defendants have committed and continue to commit the acts alleged herein

4  knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage

5  Class members, from improper motives amounting to malice, and in conscious disregard of

6  Plaintiffs' and Wage Class members' rights.

7      61.    Pursuant to Labor Code §203, members of the Wage Class who have quit or been

8  discharged are entitled to waiting time penalties of up to 30 days' pay.

9                          **SIXTH CAUSE OF ACTION**

10          (Failure to Indemnify for Business Expenses, Labor Code §2802 and IWC Wage

11                              Order No. 4)

12     (By Plaintiffs Steve Tokoshima, James Faber, and the Tools Class against all Defendants)

13     62.    Plaintiffs reallege and incorporate by reference each and every allegation contained

14  in paragraphs 1-61, as though fully set forth herein.

15     63.    Section 9 of Wage Order 4 provides, in pertinent part: "When tools or equipment

16  are required by the employer or are necessary to the performance of a job, such tools and

17  equipment shall be provided and maintained by the employer, except that an employee whose

18  wages are at least two (2) times the minimum wage provided herein may be required to provide

19  and maintain hand tools and equipment customarily required by the trade or craft."

20     64.    Labor Code §2802 requires employers to indemnify employees for all necessary

21  expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

22     65.    Plaintiffs Tokoshima and Faber and the members of the Tools Class earned less than

23  two times the California minimum wage.

24     66.    Tools and equipment were necessary for the performance of Plaintiffs Tokoshima

25  and Faber and Tools Class members' jobs—namely, the repair, service, and maintenance of

26  vehicles.  Defendants failed to provide and maintain the tools necessary to the performance of

27  Plaintiffs Tokoshima and Faber and Tools Class members' jobs.  Instead, Plaintiffs Tokoshima and

28

1  Faber and the members of the Tools Class supplied their own tools and equipment necessary for

2  vehicle servicing and repair.

3       67.     Defendants failed to indemnify Plaintiffs Tokoshima and Faber and the members of

4  the Tools Class for their necessary expenditures for tools and equipment incurred as a direct

5  consequence of the discharge of their duties.  Moreover, Defendants had no policy permitting class

6  members to apply for reimbursement.

7       68.     Defendants have committed and continue to commit the acts alleged herein

8  knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs

9  Tokoshima and Faber and the members of the Tools Class, from improper motives amounting to

10  malice, and in conscious disregard of Plaintiffs Tokoshima and Faber and the members of the

11  Tools Class' rights.

12       69.     Pursuant to Labor Code §2802, Plaintiffs Tokoshima and Faber and members of the

13  Tools Class are entitled to indemnification for the money they spent on necessary tools, interest

14  thereon, and reasonable attorneys' fees and costs.

15                          **SEVENTH CAUSE OF ACTION**

16               (Unlawful and Unfair Business Practices, Bus. & Prof. Code §17200 et seq.)

17        (By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage and Tool Classes

18                              against all Defendants)

19       70.     Plaintiffs reallege and incorporate by reference each and every allegation contained

20  in paragraphs 1-69, as though fully set forth herein.

21       71.     Business and Professions Code §17200, et seq., prohibits unlawful, unfair and

22  fraudulent business practices.

23       72.     The actions of Defendants as alleged herein constitute unlawful and unfair business

24  practices within the meaning of Business & Professions Code §17200.

25       73.     As described above, Defendants have engaged in unlawful activities including but

26  not limited to:

27       (a)     Failing to compensate class members at a wage rate at least equal to the California

28  minimum wage for each hour worked;

1        (b)      Failing to properly compensate class members for all overtime hours worked;

2        (c)      Failing to provide accurate itemized wage statements that set forth the wage rate

3 paid for each hour worked;

4        (d)      Failing to properly compensate class members for missed meal periods;

5        (e)      Failing to pay class members all wages when due; and

6        (f)      Failing to reimburse business expenses.

7        74.      Defendants' activities also constitute unfair business practices because Defendants'

8 practices violate the above noted laws, and/or violate an established public policy and/or the

9 practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs

10 and the Plaintiff class.

11        75.      Plaintiffs reserve the right to identify additional unfair and unlawful practices by

12 Defendants as further investigation and discovery warrants.

13        76.      Plaintiffs are "persons who have suffered injury in fact and [have] lost money or

14 property" within the meaning of Business and Professions Code §17204, and therefore have

15 standing to bring this claim for injunctive relief, restitution, disgorgement, and other appropriate

16 equitable relief.

17        77.      As a direct result of the unfair, unlawful, unscrupulous, and anti-competitive

18 conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to law and

19 contrary to public policy and have thus engaged in unlawful and unfair business practices in

20 violation of Business and Professions Code §17200, et seq.  Defendants have engaged in such

21 conduct for their own economic self-interest, to increase their profits.  Through their unfair

22 business practices alleged herein, Defendants have received and retained and continue to receive

23 and retain funds that rightfully belong to Plaintiffs and those similarly situated and have produced

24 further profits with those funds.  As a result, Defendants have been unjustly enriched and have

25 achieved an unfair competitive advantage over their legitimate business competitors at the expense

26 of their employees and the public at large.  Plaintiffs are entitled to and do seek all relief as may be

27 necessary to restore to Plaintiffs and those similarly situated all money and property which

28 Defendants have acquired, or of which Plaintiffs and those similarly situated have been deprived,

1  by means of the Defendants' unfair and unlawful business practices, and to disgorge the profits the

2  Defendants have obtained through those practices.

3      78.      Injunctive relief pursuant to Business and Professions Code §17203 is necessary to

4  prevent Defendants from continuing to engage in unfair business practices as alleged in this

5  Complaint.  Defendants, and each of them, and/or persons acting in concert with them, have done,

6  are now doing, and will continue to do or cause to be done, the illegal acts alleged in this

7  Complaint, unless restrained and enjoined by this Court.  Unless the relief prayed for below is

8  granted, a multiplicity of actions will result.  Plaintiffs have no plain, speedy, or adequate remedy

9  at law, for reasons which include but are not limited to the following: (a) it is difficult to measure

10  the amount of monetary damages that would compensate Plaintiffs for Defendants' wrongful acts;

11  and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief.

12  The continuing violation of law, by Defendants, will cause great and irreparable damage to

13  Plaintiffs and others similarly situated unless Defendants are immediately restrained from

14  committing further illegal acts.

15      79.      Business and Professions Code §17203 provides that the Court may restore to an

16  aggrieved party any money or property acquired by means of unlawful and unfair business

17  practices.  Plaintiffs seek restitution of all unpaid wages owing to Plaintiffs and those similarly

18  situated, according to proof, as well as disgorgement of all profits which Defendants have enjoyed

19  as a result of their unfair business practices.

**EIGHTH CAUSE OF ACTION**

(Penalties under the Labor Code Private Attorneys General Act, Labor Code §§2698-99)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores as a Representative Action

against all Defendants)

24      80.      Plaintiffs reallege and incorporate by reference each and every allegation contained

25  in paragraphs 1-22 and 32-69, as though fully set forth herein.

26      81.      Under the Labor Code Private Attorneys General Act, Labor Code §§2698-99,

27  private parties may recover civil penalties for violations of the California Labor Code.  These

28  penalties are in addition to any other relief available under the Labor Code.

82.     As set forth above, Defendants have committed numerous violations of the California Labor Code, including:

(a)     Failing to compensate Plaintiffs and other current and former employees at a wage rate at least equal to the California minimum wage for each hour worked in violation of Labor Code §§1182.12, 1197, and IWC Wage Order No. 4;

(b)     Failing to properly compensate Plaintiffs and other current and former employees for all overtime hours worked in violation of Labor Code §510 and IWC Wage Order No. 4;

(c)     Failing to provide Plaintiffs and other current and former employees with accurate itemized wage statements that set forth the wage rate paid for each hour worked, in violation of Labor Code §226;

(d)     Failing to properly compensate Plaintiffs and other current and former employees for concededly missed meal periods in violation of Labor Code §226.7;

(e)     Failing to properly compensate Plaintiffs and other current and former employees for all wages when due in violation of Labor Code §§201, 202, and 204;

(f)     Failing to indemnify Plaintiffs Tokoshima and Faber and other current and former employees for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties in violation of Labor Code §2802; and

(g)     Failing to properly compensate Plaintiffs and other current and former employees for their rest breaks, as required by IWC Wage Order No. 4, §12(A).

83.     Plaintiffs are aggrieved employees within the meaning of Labor Code §2699(c), and may recover penalties in a representative action on behalf of themselves and other current and former employees.

84.     Plaintiffs provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendants of the legal claims and theories of this case on June 5, 2012 and June 11, 2013.  Plaintiffs did not receive a notice from the LWDA within thirty-three days of June 5, 2012 or June 11, 2013 indicating that the LWDA intends to investigate Plaintiffs' allegations.  Accordingly, Plaintiffs have exhausted administrative remedies as required by Labor Code §2699.3.

85.     Under the Labor Code Private Attorneys General Act, all Plaintiffs and other current and former employees are entitled to recover the maximum civil penalties permitted by law from Defendants for the violations of Labor Code §§1182.12, 1197, 510, 226, 226.7, 201, 202, 204, and 2802 alleged in this Complaint, and their attorneys' fees and costs under Labor Code §2699.

**NINTH CAUSE OF ACTION**

(Failure to Pay Employees for Rest Breaks, Labor Code §§1194 and 1194.2, IWC Wage Order No. 4)

(By Plaintiffs Steve Tokoshima, James Faber, Luis Flores, and the Wage Class against all Defendants)

86.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-79, as though fully set forth herein.

87.     IWC Wage Order No. 4, §12(A), provides in pertinent part as follows: "Every employer shall authorize and permit all employees to take rest periods . . . .  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . .   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

88.     A piece rate compensation system that does not compensate separately for rest periods, or that compensates for rest periods at a rate below the California minimum wage, does not comply with California minimum wage law.

89.     Defendants' compensation plans compensated Wage Class members for their time spent performing piece rate tasks and did not provide separate compensation for Wage Class members for their rest breaks at a rate of at least the California minimum wage.

90.     Class members were unable to perform piece rate tasks while taking their rest periods, and therefore were precluded from earning piece rate compensation during that time.

91.     Mechanics did not receive any compensation for their rest periods, and ESTs, ESSTs and commercial sales managers received compensation for their rest periods that was less than the California minimum wage.

92.     By failing to compensate Wage Class members for their rest periods at a rate of at least the California minimum wage, Defendants have violated California minimum wage law.

93.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and Wage Class members, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' and Wage Class members' rights.

94.     Pursuant to Labor Code §§1194 and 1194.2, Plaintiffs and Wage Class members are entitled to recover compensation for their unpaid rest periods at no less than the California minimum wage, plus liquidated damages in an equal amount thereto, plus interest thereon and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.     For certification of the action as a class action on behalf of the proposed classes and subclasses with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action;

2.     For an order appointing Plaintiffs as class and subclass representatives, and Plaintiffs' counsel as counsel for the classes and subclasses;

3.     For back wages, reimbursements, and/or restitution in an amount to be proven at trial;

4.     For restitution of all monies due to Plaintiffs and class members and disgorged profits from the unlawful and unfair business practices of Defendants;

5.     For liquidated damages on unpaid minimum wages pursuant to Labor Code §1194.2;

6.     For waiting time penalties on monies due upon termination to members of the Wage Class whose employment has terminated, as provided by Labor Code §203;

7.     For actual and/or statutory damages and/or penalties pursuant to Labor Code §226(e);

8.     For meal and rest period compensation pursuant to Labor Code §226.7;

1      9.      For all penalties authorized by Labor Code §2699;

2      10.     For an injunction requiring Defendants to cease and desist from engaging in the

3  unlawful acts and unlawful and unfair business practices complained of herein;

4      11.     For prejudgment interest at 10% per annum pursuant to Labor Code §§218.6, 1194,

5  and 2802, Civil Code §§3287 and 3288, and/or any other applicable provision providing for

6  prejudgment interest;

7      12.     For attorneys' fees, statutory costs, and litigation expenses in an amount the Court

8  determines to be reasonable, pursuant to Labor Code §§1194, 2699, and 2802, Civil Code §1021.5,

9  and/or any other applicable provisions providing for attorneys' fees and costs;

10     13.     For such other and further relief as the Court deems just and proper.

11  Dated:  August 21, 2013                    Respectfully submitted,

12                                             By: */s/ Eileen Goldsmith*____
                                                   Eileen Goldsmith

13

14                                             Eve H. Cervantez (SBN 164709)
                                               Eileen B. Goldsmith (SBN 218029)
                                               Rachel J. Zwillinger (SBN 268684)
15                                             ALTSHULER BERZON LLP
                                               177 Post Street, Suite 300
16                                             San Francisco, CA  94108
                                               Tel. (415) 421-7151
17                                             Fax (415) 362-8064
                                               Email:  ecervantez@altber.com
18

19                                             Matthew J. Matern (SBN 159798)
                                               Dalia Khalili (SBN 253840)
20                                             RASTEGAR & MATERN,
                                               ATTORNEYS AT LAW APC
21                                             1010 Crenshaw Boulevard, Suite 100
                                               Torrance, CA 90501
22                                             Tel. (310) 218-5500
                                               Fax (310) 218-1155
23                                             Email:  mjm@rastegar-matern.com

24                                             Attorneys for Plaintiffs and the Classes

25

26

27

28

SECOND AMENDED COMPLAINT; CASE NO. CV 12-4810 CRB

1

**JURY TRIAL DEMAND**

2      Plaintiffs, on behalf of themselves and the class of similarly situated non-exempt

3  employees, including mechanics, ESTs, ESSTs, installers, customer service advisors, and

4  commercial sales managers, hereby demand a jury trial on all causes of action and claims with

5  respect to which they have a right to jury trial.

6  Dated: August 21, 2013                    By:  /s/ Eileen B. Goldsmith
                                                  Eileen B. Goldsmith
7

8                                             Eve H. Cervantez (SBN 164709)
                                              Eileen B. Goldsmith (SBN 218029)
9                                             Rachel J. Zwillinger (SBN 268684)
                                              ALTSHULER BERZON LLP
10                                            177 Post Street, Suite 300
                                              San Francisco, CA 94108
11                                            Tel. (415) 421-7151
                                              Fax (415) 362-8064
12                                            Email: ecervantez@altber.com

13                                            Matthew J. Matern (SBN 159798)
                                              RASTEGAR & MATERN,
14                                            ATTORNEYS AT LAW APC
                                              1010 Crenshaw Boulevard, Suite 100
15                                            Torrance, CA 90501
                                              Tel. (310) 218-5500
16                                            Fax (310) 218-1155
                                              Email: mjm@rastegar-matern.com

17                                            Attorneys for Plaintiffs and the Classes

18

19

20

21

22

23

24

25

26

27

28