Eve H. Cervantez (SBN 164709)
Eileen B. Goldsmith (SBN 218029)
Rachel J. Zwillinger (SBN 268684)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
Email: ecervantez@altber.com

Matthew J. Matern (SBN 159798)
Dalia Khalili (SBN 253840)
RASTEGAR & MATERN,
ATTORNEYS AT LAW APC
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Tel. (310) 218-5500
Fax (310) 218-1155
Email: mjm@rastegar-matern.com

Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TOKOSHIMA, LUIS FLORES, and JAMES FABER, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>THE PEP BOYS - MANNY MOE & JACK OF CALIFORNIA, a California Corporation; THE PEP BOYS - MANNY MOE & JACK, a Pennsylvania Corporation; and DOES 1-10,<br><br>        Defendants. | CASE NO. C 12-4810 CRB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   September 26, 2014<br>Time:   10:00 a.m.<br>Judge:  Charles R. Breyer |

**Recitals:**

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement was heard on September 26, 2014, at 10:00 a.m. in Courtroom 6 of the above-captioned court.

The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Joint Stipulation of Class Action Settlement ("Settlement Agreement") and Notice of Settlement ("Notice"), hereby makes the following findings and orders:

**Findings:**

The Court finds on a preliminary basis that the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Eileen Goldsmith, and is incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court.  The Court notes that Defendants have agreed to create a common fund of approximately $3,600,000 to cover (a) settlement payments to Class Members who do not validly opt-out; (b) the payment to the State of California, Labor and Workforce Development Agency of $5,000 for its share of the settlement of claims for penalties under the Private Attorneys General Act; (c) Class representative service payments of up to $10,000 for Plaintiffs Steve Tokoshima and James Faber and $7,500 for Luis Flores; (d) attorneys' fees not to exceed $1,080,000, and actual litigation expenses incurred, not to exceed $100,000; and (e) settlement administration costs of up to $39,000.

a. The parties have agreed to a Settlement Class that is coextensive with the class that this Court already certified on April 28, 2014, which is defined as follows: The Class includes all former employees of Pep Boys who were actively employed (i.e., not on leave of absence) at a Pep Boys store location in California at any time between August 6, 2008 and September 30, 2011 ("Class Period"), whose employment with Pep Boys terminated on or before September 30, 2011, and who worked at any time during that period in any Class Position.  The Class Positions are as follows: Mechanic, Technician, Technician A, Technician B, EP Technician, Smog Technician, Master Technician, Installer, Express Service Technician, Express Sales & Service Technician, Service Advisor, and/or Commercial Sales Manager.  With respect to the classifications of

Installer, Express Service Technician, Express Sales & Service Technician, Service Advisor, and/or Commercial Sales Manager, "Class Position" refers only to those employees and those workweeks where the employee's base hourly rate of pay was less than $8.00 (eight dollars) per hour at any time during the Class Period.  The Settlement Class will include only those class members who do not timely exclude themselves from the Settlement.

   b.   The Court approves Simpluris to act as the class action administrator ("Settlement Administrator").

   c.   The Court finds that the Notice, which is attached hereto as Exhibit 1, and will be translated into Spanish, comports with Federal Rule of Civil Procedure 23 and all Constitutional requirements including those of due process.

   d.   The Court further finds that the Notice adequately advises the Class about:

   i.   The class action;

   ii.  The terms of the proposed settlement, the benefits available to each Class Member, and proposed fees and costs to Class Counsel;

   iii. Each Class Member's right to object or opt-out of the settlement, and the timing and procedures for doing so;

   iv.  Preliminary court approval of the proposed settlement; and

   v.   The date of the Final Approval hearing as well as the rights of members of the class to file documentation in support of or in opposition to and appear in connection with said hearing.

   e.   The Court further finds that the mailing to the last known address for Members of the Class with appropriate skip tracing and mail forwarding for Notices returned undeliverable, as specifically described within the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

**Based on the above, the Court hereby makes the following Orders:**

1.     The Court orders that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by the Court, and accordingly grants Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

2.     The Court approves and appoints Simpluris to act as the Settlement Administrator.

3.     Defendants shall, within ten days of the issuance of this Order, provide the Settlement Administrator with Class Member information, as specified in the Settlement Agreement.

4.     Class Counsel shall, within ten days of the issuance of this Order, provide the Settlement Administrator with any updated Class Member contact information, as specified in the Settlement Agreement.

5.     The Settlement Administrator shall, within ten days after receipt of the Settlement Class information from Defendant, mail the Notice in the manner specified in the Settlement Agreement.

6.     The Court orders that any request for exclusion must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the Class, and must be received by the Settlement Administrator to be valid.

**7.**     If 10% or more of the total number of Class Members submit timely and valid opt-out requests, then Defendants shall have the option to void the settlement.  To exercise this option, Defendants' Counsel must send written notification to Class Counsel within ten (10) business days of receiving a report from the Settlement Administrator of the total number of timely and valid opt-out requests received from Class Members.

8.     The Court orders that any Class Member may object to the Settlement Agreement. Any objection must be in writing, and mailed to and/or filed with the Court.  Such objection shall include the name and address of the Class Member and the basis of the objection.  To be timely, the objection must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the Class.  Objections not previously filed in writing in a timely manner will not be considered.  All objections or other correspondence must state the name and number of the case, which is *Tokoshima v. The Pep Boys – Manny Moe & Jack of California*, Case No. C12-4810 CRB.

9. The Court orders that the Final Approval Hearing shall be held before the undersigned on January 9, 2015, at 10:00 a.m. in Courtroom 6 of the above-entitled court, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorney's fees and costs, the Class Representatives' service payments, administration costs, and payment to the Labor Workforce and Development Agency.

10. The Court orders that any party to this case, including any Class Member, in person or by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested named Plaintiffs' service payments, and any order of final approval and Judgment regarding such settlement, fees, costs, and payments; provided, however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice to the Class.

11. The Court orders that all briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule: Plaintiffs' motion for attorneys' fees and costs and all briefs and materials in support of an order of final approval shall be filed with this Court no later than December 1, 2014. Any objections to the settlement shall be filed and served in accordance with this Order and the Settlement Agreement. Any opposition to the motion for attorney's fees and costs shall be filed and served than no later than sixty (60) calendar days after the Notice is initially mailed to the class. Reply briefs, if any, including opposition to objections, shall be filed with this Court no later than December 22, 2014.

12. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

13. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability in the non-settlement context, as set forth in the Settlement Agreement.

14. The Court orders that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed. The Court orders that Class Counsel submit a proposed Judgment in connection with the Motion for Final Approval of Class Action Settlement as set forth in the Settlement Agreement.

15. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated: "Ugrvgo dgt '48.'4236'"""""""""""""""""""""""""    _____
                                                      CHARLES R. BREYER
                                                      United States District Judge